AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Iowa

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CHARLS PETER NIPHONG | ) | Case No. |
| | ) | 3:20-mj-6 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 21, 2019 _____ in the county of _____ Johnson _____ in the _____ Southern _____ District of _____ Iowa _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) and (3) and 924(a)(2) | Possession of a firearm by a felon and user of controlled substances |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Wood, Det., Johnson Co. Drug Task Force
*Printed name and title*

☑ Sworn to before me and signed in my presence.

☐ Sworn to before me by telephone or other reliable electronic means.

Date: _____ 01/17/2020 _____

_____
*Judge's signature*

City and state: _____ Davenport, Iowa _____

Stephen B. Jackson, Jr., U.S. Magistrate Judge
*Printed name and title*

FILED
By: Clerk's Office, Southern District of Iowa
10:04 am, Jan 17 2020

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

UNITED STATES OF AMERICA          )
                                                          )ss
SOUTHERN DISTRICT OF IOWA        )


Your Affiant, Ryan Wood, being duly sworn state and depose as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a duly sworn police officer with the City of Iowa City, Iowa, Police Department. I have been a certified Police Officer in the state of Iowa since April 2006. I have been employed by the Iowa City Police Department (ICPD) since November 2006. Prior to my employment with the Iowa City Police Department, I was employed by the Linn County, Iowa Sheriff's Office. During my employment with the Iowa City Police Department, I have served as a patrol officer; a detective on the Street Crimes Action Team, a unit focused on gangs and narcotics enforcement; and a narcotics investigator, assigned to the Johnson County Multi-Agency Drug Task Force (JCDTF). The JCDTF is a multi-agency task force focused on narcotics interdiction and enforcement in the Johnson County Area. I am currently assigned to the JCDTF as a narcotics investigator. I have been so assigned since December 2017.

2.  My training and experience includes graduation from the Iowa Law Enforcement Basic Academy, numerous narcotics related courses completed through the Midwest Counter-Drug Training Center, and various other trainings, through which I have become familiar with the operation of drug

Charls Niphong Affidavit Page 1

trafficking organizations, the methods of importation and distribution of controlled substances by drug traffickers, and financial methods utilized by drug traffickers. Based on my training and experience, I am familiar with narcotics traffickers' methods of operation, including the distribution, storage, and transportation of narcotics, the collection of money proceeds of narcotics trafficking, and methods of money laundering used to conceal the nature of the proceeds derived from narcotics trafficking. I have been involved in hundreds of investigations relating to the unlawful importation, possession, and distribution of controlled substances in the Johnson County, Iowa area. During my law enforcement career, I have been involved in the undercover and controlled purchase of controlled substances, the management and debriefing of confidential sources, the tracing of drug proceeds, and the acquisition and execution of search warrants. As a result of my training and experience, I am familiar with the various controlled substances being illegally distributed in the Johnson County area. Specifically, I am familiar with crack cocaine (a.k.a. cocaine base), cocaine, heroin, methamphetamine, and marijuana.

3.  The statements and information contained in this affidavit are based upon my own investigation; my review of investigative reports prepared by other law enforcement officers; my conversations with law enforcement officers having personal knowledge of the pertinent facts; and my review of official documents and records maintained by various local, state, and federal agencies. This

affidavit does not purport to contain all information known by me or other law enforcement officers concerning CHARLS PETER NIPHONG.

4. I believe probable cause exists that CHARLS PETER NIPHONG knowingly possessed a firearm within the Southern District of Iowa, said firearm having traveled in and affected interstate commerce, and at the time of the possession, NIPHONG had been previously convicted of an offense punishable by imprisonment for more than one year, and knew he had been previously convicted of an offense punishable by imprisonment for more than one year; and/or was an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), and knew he was an unlawful user of or addicted to a controlled substance, in violation of Title 18, United States Code, Sections 922(g)(1) and (3) and 924(a)(2).

## FACTS AND PROBABLE CAUSE

5. Beginning in October, 2019, officers were investigating a rash of burglaries in the Iowa City and surrounding community areas. CHARLS PETER NIPHONG was identified as a key suspect in these cases. As part of this investigation, your Affiant learned that NIPHONG had reported his address to his probation officer sometime in September, 2019 as being 24** Bartled Road, Apartment 2* in Iowa City, Iowa. Surveillance video from the apartment complex, coupled with physical surveillance showed NIPHONG frequenting this residence during the month of October up until his arrest on October 21, 2019.

6. Based on information gathered during this investigation, a state of Iowa search warrant was applied for and executed on NIPHONG's residence on October 21, 2019. Officers knocked at the door in an attempt to get someone to answer it. It was believed that NIPHONG was seen inside the apartment by officers outside. No one came to the door. At this time officers saw movement near a window to the apartment and believed again that NIPHONG had just been observed. Officers then began repeatedly knocking on the front door and announcing that they were with law enforcement and that they had a search warrant. Your Affiant was simultaneously calling NIPHONG's phone number. It would ring twice and then go to voicemail. After a short time, the door to the apartment came open and NIPHONG exited the apartment with his hands in the air. Investigators gave NIPHONG

instructions to get on the ground and he complied. He was pulled from the threshold of the door way so other investigators could maintain cover on the apartment and make entry. NIPHONG identified himself as "Charls" and stated no one else was in the apartment. NIPHONG was placed in handcuffs behind his back which were double locked by Detective Mercer.

7. Investigators observed the odor of burnt marijuana coming from NIPHONG's apartment. Investigators made entry into the apartment and no one else was located inside. Detective Stricker advised NIPHONG of his *Miranda* Rights and NIPHONG stated that he wanted an attorney.

8. A search of the apartment was conducted and items linking NIPHONG to numerous burglaries were located, which included stolen property and stolen credit cards used to purchase stolen property. Other items of note that were seized included a stolen Springfield XD .40 caliber pistol with serial number (SN) #U5207741. This firearm was located in the southeast bedroom of the residence. NIPHONG's sister was identified as living in that bedroom and she reported to officers that she did not own any firearms and had never seen that gun before. The firearm had been stolen sometime during the overnight hours of October 20, 2019 and carrying into the early morning hours of October 21, 2019. Numerous other items that had been reported stolen were located throughout the apartment and in NIPHONG's room in particular.

9. The stolen firearm was examined by Special Agent Robert Friend of the ATF. Special Agent Friend wrote a report documenting that the firearm would have

traveled in or affected interstate or foreign commerce prior to it being in NIPHONG's possession. During the search of NIPHONG's room, officers also found a small amount of marijuana and a marijuana "roach"

10. NIPHONG was arrested and charged with Attempted Burglary Second Degree (Samoa Drive incident), Theft First Degree (Stolen Vehicle on Clearwater Court), Possession of a firearm as a felon and Trafficking in Stolen Weapons and Possession of a Controlled Substance (Marijuana). NIPHONG was transported to the Johnson County Jail.

11. Detective Mercer wrote a search warrant for NIPHONG's urine and it was signed by a Judge on October 22, 2019. Detective Tyrrell then collected NIPHONG's urine from the Johnson County Jail on October 22, 2019. The urine was sent to the Iowa DCI for drug analysis. It should be noted that this urine was collected after NIPHONG was arrested at the execution of the search warrant, and prior to him being released from jail.

12. On October 23, 2019, your Affiant obtained search warrants for NIPHONG's Facebook, Instagram, and AT&T (Cricket) phone account.

13. On October 23, 2019, Pheasant Ridge Management provided video from October 21, 2019 in the afternoon hours. The video shows NIPHONG leaving 24** Bartelt Road and going to 26** Roberts Road. He is there for a short time and then returns to 24** Bartelt Road. In the video, NIPHONG is wearing black socks, sandals, grey sweatpants, a black hooded sweatshirt, a white/blue/black REEBOK backpack and an orange colored shirt.

14. Cell tower records received from AT&T show that NIPHONG's cellphone was present in Williamsburg, Iowa during the overnight hours of October 20, 2019 and continuing into October 21, 2019, which is when the Springfield XD .40 pistol was stolen.

15. On November 4, 2019, members of the Street Crimes Action Team executed a search warrant at 10** Archer Street in Iowa City. During a search of the residence, detectives located a Ruger LCP .380 that had been stolen in Williamsburg, Iowa sometime during the overnight hours of October 20, 2019 or the early morning hours of October 21, 2019. It was reported stolen by the same victim as the Springfield XD located at NIPHONG's residence. Investigators also recovered an additional handgun at the 10** Archer Street which was not reported stolen. Detective Matthew Ties interviewed Kiley Speers, a resident of 10** Archer. Speers stated that her boyfriend, identified as Travon Ambrose, purchased the firearm a few weeks prior. He got the gun from an "African" who recently went to jail for breaking into cars. On November 8, 2019, Detective Mercer did a follow-up interview with Speers. She stated that she was aware that there were two firearms located in her residence on November 4, 2019. She stated she was present when Ambrose purchased both firearms. He purchased them both from NIPHONG. The guns were purchased approximately two weeks apart. NIPHONG drove a Jeep to the transaction, possibly a silver or gold one. (It should be noted that

NIPHONG was driving a Grey Jeep Compass on October 15, 2019 when he was involved in a collision in Iowa City).

16. On November 13, 2019, S/A Simmons took possession of the firearm located at NIPHONG's residence along with the two firearms located at 10** Archer. Special Agent Friend also tested the other two firearms and noted that they were manufactured outside the state of Iowa and therefore would have crossed state lines and affected interstate commerce.

17. On November 15, 2019, your Affiant received the results of NIPHONG's urine analysis from the Iowa DCI Lab. The urine was collected from NIPHONG on October 22, 2019. The urine screened positive for Amphetamines and marijuana metabolites. Further testing confirmed the presence of marijuana metabolites, or THC, in NIPHONG's urine, as well as amphetamine and methamphetamine.

18. NIPHONG is a convicted felon, and user of controlled substances, and is therefore prohibited from legally possessing firearms. NIPHONG was previously convicted in Warren County, Iowa of Theft in the First Degree, a Class C Felony, in 2019 under case number FECR030782. Based on court records pertaining to this case, NIPHONG knew that he was convicted of this felony offense.

19. Based upon my training and experience, and the facts contained herein, I believe probable cause exists that CHARLS PETER NIPHONG knowingly possessed a firearm within the Southern District of Iowa, said firearm having traveled in and affected interstate commerce, and at the time of the possession, NIPHONG had been previously convicted of an offense punishable by imprisonment for more than one year, and knew he had been previously convicted of an offense punishable by imprisonment for more than one year; and/or was an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), and knew he was an unlawful user of or addicted to a controlled substance, in violation of Title 18, United States Code, Sections 922(g)(1) and (3) and 924(a)(2).

Dated this 17th day of January, 2020

_____
Ryan Wood, Detective
Johnson County Drug Task Force

Subscribed and sworn before me by Ryan Wood, Detective, Johnson County Drug Task Force, on this _17_ day of _January_, 2020.

_____
Stephen B. Jackson, Jr.
United States Magistrate Judge
Southern District of Iowa

Charls Niphong Affidavit Page 9